CATLETT v. STOKES.

1. Testimony in action for value of wheat bought by defendant of C., and claimed by plaintiff to be part of the wheat raised on section 11, which C. had mortgaged to plaintiff, that the parties who hauled

it told defendant it came from sections other than 11, is objectionable as hearsay, it not appearing they were agents of plaintiff, or authorized by him to make any statements, or that he was present.

(Opinion filed July 2, 1902.)

Appeal from circuit court, Hamlin county. HON. JULIAN BENNETT, Judge.

Action by Joseph W. Catlett against W. H. Stokes. From order granting a new trial, defendant appeals. Affirmed.

The facts are stated in the opinion.

*John B. Hanten,* for appellant.

*John C. Jenkins,* for respondent.

CORSON, J. This is an appeal from an order granting a new trial. The case was tried to a jury, and a verdict rendered in favor of the defendant. The plaintiff thereupon moved the court for a new trial upon the ground that the court erred in the admission of certain evidence, and erred in giving to the jury certain instructions requested on the part of the defendant. The order granting the new trial was general, there being no specification of the grounds upon which the same was granted. The appellant contends that the motion for the new trial should have been denied, for the reason that there was no error shown upon which the same could have been legally granted. The action was brought to recover the value of about 2,000 bushels of wheat claimed by the plaintiff to have been mortgaged to him by one Niel Cassidy, and which had been purchased of the mortgagor by the defendant. The mortgage seemed to have been given upon wheat raised upon section 11, town 114, range 51. The balance due the plaintiff upon the mortgage at the time of the commencement of this action was about $1,000. It appears from the evidence that the mortgagor also raised a large quantity of wheat on

other sections, not included in the chattel mortgage, and that wheat raised on these sections was mingled to some extent in the granary of the mortgagor with grain raised on section 11. On the trial one William Marshall testified that he was the agent of the defendant, and running his elevator at Castlewood, and that he received some grain from Neil Cassidy, who had given the chattel mortgage to the plaintiff, and that he could not tell of his own knowledge how much came from the thresher and how much from the granary. He was asked the following question: "What was said to you by the parties who hauled it? (This was objected to as not binding upon the plaintiff, and objection overruled, and exception taken.) A. They said it was taken from sections 9, 29, 31." It is insisted on the part of the respondent that the admission of this evidence was clearly error, and that it was of sufficient importance in the case to constitute reversible error. We are inclined to take the view of the learned counsel for the respondent. The theory of the plaintiff evidently was that the wheat purchased by the defendant raised upon the land of Cassidy was a part of the wheat mortgaged to him. The defendant, as a defense to the action, claimed that the wheat purchased was raised upon other sections of land owned by Cassidy, and consequently constituted no part of the wheat included in the chattel mortgage. The statement, therefore, testified to by Marshall, the agent of the defendant, that the parties who hauled the wheat stated that it came from sections other than section 11, may have largely influenced the jury in finding their verdict for the defendant. There is no evidence in the record tending to show that the parties hauling the wheat were the agents of the plaintiff, the mortgagee, or that they were authorized by him to make any statements, and that none of the statements were made in his presence. The testimony, therefore, was clearly hearsay, and was not admissible. We are of

the opinion, therefore, that the court was not only warranted in granting a new trial, but that it was required to do so.

It is further insisted by the respondent that the instructions requested on the part of the defendant and given by the court were erroneous, or, at least, if abstractly correct, were not applicable under the evidence in this case. In the view we have taken of the case, we do not deem it necessary to review these instructions on this appeal. The trial court seems to have been fully justified in granting a new trial for the error committed in the admission of the evidence above referred to.

The order of the circuit court is affirmed.